1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT L. THEEDE,

11              Plaintiff,                    No. CIV S-11-1084 MCE DAD PS

12       v.

13  UNITED STATES                 ORDER
    OF AMERICA, et al.,
14
                Defendants.
15  _____/

16              Plaintiff, Robert Theede, proceeding in this action pro se, has requested leave to

17  proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to the

18  undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

19              Plaintiff has submitted an in forma pauperis application that makes the showing

20  required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis

21  will therefore be granted.

22              The determination that plaintiff may proceed in forma pauperis does not complete

23  the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court must dismiss the

24  complaint at any time if the court determines that the pleading is frivolous or malicious, fails to

25  state a claim on which relief may be granted, or seeks monetary relief against an immune

26  defendant.  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

1

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2   (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

3   based on an indisputably meritless legal theory or where the factual contentions are clearly

4   baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

5           To state a claim on which relief may be granted, the plaintiff must allege "enough

6   facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

7   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

8   accepts as true the material allegations in the complaint and construes the allegations in the light

9   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

10  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

11  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

12  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

13  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

14  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

15          The minimum requirements for a civil complaint in federal court are as follows:

16          A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
17          jurisdiction depends . . . , (2) a short and plain statement of the
            claim showing that the pleader is entitled to relief, and (3) a
18          demand for judgment for the relief the pleader seeks.

19  Fed. R. Civ. P. 8(a).

20          Here, plaintiff's complaint is deficient in several respects.  First, plaintiff's

21  complaint seeks "monetary relief" from the United States of America, the Mid-America Program

22  Service Center, the U.S. Department of Labor and the Office of Workers' Compensation

23  Programs.  (Compl. (Doc. No.1) at 1.)  "The basic rule of federal sovereign immunity is that the

24  United States cannot be sued at all without the consent of Congress."  Block v. North Dakota ex

25  rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).  Similarly, no federal agency can be

26  sued unless Congress has explicitly revoked that agency's immunity.  Gerritsen v. Consulado

1   General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice,

2   598 F.2d 561, 562 (9th Cir. 1979).  Put another way, no court has jurisdiction to award relief

3   against the United States or a federal agency unless the requested relief is expressly and

4   unequivocally authorized by federal statute.  United States v. King, 395 U.S. 1, 4 (1969) (citing

5   United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).

6          "The question whether the United States has waived its sovereign immunity

7   against suits for damages is, in the first instance, a question of subject matter jurisdiction."

8   McCarthy, 850 F.2d at 560.  Absent a waiver of sovereign immunity, a claim against the United

9   States or a federal agency must be dismissed for lack of subject matter jurisdiction.  See

10  Gerritsen, 989 F.2d at 343; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  If

11  conditions are attached to legislation that waives the sovereign immunity of the United States, the

12  conditions must be strictly observed by the courts, and exceptions are not to be readily implied.

13  Block, 461 U.S. at 287.  See also Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995)

14  ("The terms of the United States' consent to be sued in any court define that court's jurisdiction

15  to entertain the suit.").  Here, plaintiff does not allege in his complaint that the United States, or

16  any of the federal agencies named as defendants above, has waived its immunity.

17         Plaintiff also seeks monetary compensation from the Social Security

18  Administration.  Plaintiff alleges that the Social Security Administration falsely claimed that

19  plaintiff was overpaid Social Security benefits and, in response, terminated those benefits.

20  (Compl. (Doc. No. 1) at 3.)

21         Section 405(g) of the Social Security Act provides a waiver of sovereign

22  immunity as to final decisions of the Commissioner of Social Security.  See 42 U.S.C. § 405(g);

23  Califano v. Sanders, 430 U.S. 99, 108 (1977).  Section 405(g) provides, in relevant part, that:

24          Any individual, after any final decision of the Commissioner of
            Social Security made after a hearing to which he was a party,
25          irrespective of the amount in controversy, may obtain a review of
            such decision by a civil action commenced within sixty days after
26          the mailing to him of notice of such decision or within such further

1                    time as the Commissioner of Social Security may allow.  Such
action shall be brought in the district court of the United States for
2                    the judicial district in which the plaintiff resides . . .

3    Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

4    reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  These

5    regulations "operate as a statute of limitations setting the time period in which a claimant may

6    appeal a final decision of the Commissioner."  Berrigan v. Astrue, No. 1:10-cv-000165-GSA,

7    2010 WL 4392941, *2 (E.D. Cal. Oct. 29, 2010) (citing Bowen v. City of New York, 476 U.S.

8    467, 479 (1986).  See also Matthews v. Eldridge, 424 U.S. 319, 328 n. 9 (1976).  This time limit

9    for commencing a civil action under § 405(g) is a condition on the waiver of sovereign

10    immunity, and it must be strictly construed.  Bowen, 476 U.S. at 479.  Here, plaintiff does not

11    allege in his complaint when his Social Security benefits were allegedly terminated nor does he

12    state that he filed this action within sixty days of receiving a final decision of the Commissioner

13    of Social Security after a hearing to which he was a party.

14           Second, plaintiff alleges in his complaint that "the defendants have a proclivity to

15    approve benefits monetary pay and medical Medicare Part A and B, and then cancel such benefits

16    awarded."  (Compl. (Doc. No. 1) at 2-3.)  Specifically, plaintiff alleges that the Social Security

17    Administration and the Mid-American Program Service Center falsely claimed that plaintiff was

18    overpaid Social Security benefits and, in response, terminated plaintiff's Medicare Part B

19    coverage.  (Id. at 3.)  In this regard, plaintiff alleges that in April of 2011 he learned from the

20    Social Security Administration that he no longer had Medicare Part B coverage.  (Id. at 4.)

21           Title XVIII of the Social Security Act of 1935, commonly referred to as the

22    Medicare Act, "establishe[d] a federally subsidized health insurance program for elderly and

23    disabled persons."  Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 774 (9th Cir. 2000)

24    (citing 42 U.S.C. § 1395).  The Medicare Act contains multiple parts, including Part B, 42 U.S.C.

25    §§ 1395j-1395w-4, which covers medical services provided directly to individuals on a

26    fee-for-service basis, including physician services, medical supplies, and laboratory tests.

1    Medicare programs are administered by the Department of Health and Human

2    Services through the Centers for Medicare and Medicaid Services and the latter contracts with

3    private contractors to administer payments and make coverage determinations for Medicare and

4    Medicaid beneficiaries.  42 U.S.C. §§ 1395h, 1395u(a).  An individual dissatisfied with a

5    decision regarding Medicare benefits is entitled to administrative review at several levels and

6    may be entitled to judicial review of the Secretary's final decision.  42 U.S.C. §§ 1395ff(b)(1),

7    1395w-22(g)(5).

8    Judicial review, however, is contingent upon a final decision, which incorporates

9    two elements: (1) presentment of a claim to the Secretary and (2) exhaustion of administrative

10   remedies.  Heckler v. Ringer, 466 U.S. 602, 615-17 (1984); Mathews, 424 U.S. at 328-30;

11   Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975); Kaiser v. Blue Cross of Calif., 347 F.3d 1107,

12   1115-16 (9th Cir. 2003); Linoz v. Heckler, 800 F.2d 871, 876 n. 5 (9th Cir. 1986).  Here,

13   plaintiff's does not allege in his complaint that he presented any claim to the Secretary of the

14   Department of Health and Human Services or that he exhausted his administrative remedies.

15   Finally, plaintiff, a former dentist and oral surgeon for the U.S. Department of

16   Veterans Affairs, alleges in his complaint that the U.S. Department of Labor and the Office of

17   Workers' Compensation Program "took from 1986 to 1991" to grant his disability benefits.

18   (Compl. (Doc. No. 1) at 3.)  Plaintiff also alleges that on June 1, 1996, the U.S. Department of

19   Labor and the Office of Workers' Compensation Program "withdrew such approved benefits

20   guaranteed for life" causing plaintiff financial harm.  (Id.)

21   The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq.,

22   "establishes a comprehensive and exclusive workers' compensation scheme for federal

23   employees."[1]  Markham v. U.S., 434 F.3d 1185, 1187 (9th Cir. 2006).  Except for certain specific

24

25   [1] Plaintiff alleges that the Department of Labor withdrew his disability benefits pursuant
to 29 U.S.C. § 8101, et seq. (Compl. at 3.)  However, the court has been unable to locate any
26   such statutory provision.  It appears that plaintiff intended to cite 5 U.S.C. § 8101 et seq.

exceptions, FECA requires the United States to pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his or her duty.  5 U.S.C. § 8102(a).  FECA's exclusivity provision bars recovery for those injured while working for the United States pursuant to other statutes, providing that "[t]he liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the United States . . . to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute."  5 U.S.C. § 8116(c).

Under FECA, the Secretary of Labor makes all necessary determinations and findings of fact regarding payment of compensation after considering the claim presented and completing such investigation as she considers necessary.  5 U.S.C. § 8124.  The Secretary may prescribe rules and regulations necessary for the administration and enforcement of FECA, including rules and regulations for the conduct of hearings.  5 U.S.C. § 8149.  The Secretary may appoint employees to administer FECA and delegate powers.  5 U.S.C. § 8145.  The Secretary has delegated the responsibility for administering FECA to the Director of the Office of Workers' Compensation Programs ("OWCP").  20 C.F.R. § 10.1.

Most importantly, 5 U.S.C. § 8128 "explicitly provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations."  Markham, 434 F.3d at 1187.  Under § 8128:

> (a) The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application.  The Secretary, in accordance with the facts found on review, may-
>
> > (1) end, decrease, or increase the compensation previously awarded; or
> >
> > (2) award compensation previously refused or discontinued.
>
> (b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is-

/////

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Thus, "[f]ederal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction." Staacke v. U.S. Secretary of Labor, 841 F.2d 278, 281 (9th Cir. 1988). There are two narrow exceptions to this absolute jurisdictional bar. "Courts retain jurisdiction to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition." Markham, 434 F.3d at 1187. However, a plaintiff may not "transform a garden-variety administrative action into a case of constitutional magnitude" by simply cloaking his claim in constitutional terms. Id. at 1188.

Here, plaintiff's complaint does not allege a constitutional violation nor does it raise a claim for violation of a clear statutory mandate or prohibition by defendants. Thus, review of plaintiff's FECA claim is precluded by the jurisdictional bar of 5 U.S.C. § 8128.

For all the reasons cited above, plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v.

7

1    Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

2    amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

3    cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

4    1988)).

5            Here, the court cannot say that it appears beyond doubt that leave to amend would

6    be futile as to all claims plaintiff may be attempting to present.  Plaintiff's original complaint will

7    therefore be dismissed, and he will be granted leave to file an amended complaint.  Plaintiff is

8    advised that the court cannot refer to a prior pleading in order to make an amended complaint

9    complete.  Local Rule 15-220 requires that any amended complaint be complete in itself without

10   reference to prior pleadings.  The amended complaint will supersede the original complaint.  See

11   Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were

12   the initial complaint filed in the case, each defendant must be listed in the caption and identified

13   in the body of the complaint, and each claim and the involvement of each defendant must be

14   sufficiently alleged.  Plaintiff's amended complaint must include concise but complete factual

15   allegations describing the conduct and events which underlie the claims.

16           Plaintiff has also filed a motion for a "preliminary injunction or temporary

17   restraining order against" the Social Security Administration and the Mid-America Program

18   Service Center.  (TRO Mot. (Doc. No. 3.) at 1.)  Therein, plaintiff seeks an order prohibiting

19   defendants from denying plaintiff his "previously approved" coverage under Medicare Part B.

20   Id.  The standards governing the issuance of temporary restraining orders are "substantially

21   identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg Intern. Sales

22   Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001).  A preliminary

23   injunction should not issue unless necessary to prevent threatened injury that would impair the

24   court's ability to grant effective relief in a pending action.  Fed. R. Civ. P. 65; Gon v. First State

25   Ins. Co., 871 F.2d 863 (9th Cir.1989).  "[I]njunctive relief [is] an extraordinary remedy that may

26   only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v.

1  <u>Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, ___, 129 S. Ct. 365, 376 (2008).  "The proper legal

2  standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to

3  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

4  relief, that the balance of equities tips in his favor, and that an injunction is in the public

5  interest.'"  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting <u>Winter v.</u>

6  <u>Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008).  <u>See also</u> <u>Center for</u>

7  <u>Food Safety v. Vilsack</u>, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After <u>Winter</u>, 'plaintiffs must

8  establish that irreparable harm is likely, not just possible, in order to obtain a preliminary

9  injunction.");  <u>Am. Trucking Ass'n, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th

10  Cir.2009).  "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that

11  serious questions going to the merits were raised and the balance of hardships tips sharply in the

12  plaintiff's favor."  <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134-35 (9th Cir.  2011).

13  (quoting <u>Lands Council v. McNair</u>, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[2]

14              As discussed above, plaintiff's complaint will be dismissed for failure to state a

15  claim upon which relief can be granted.  For this reason, there is no likelihood that plaintiff will

16  succeed on the merits of the claims alleged in his original complaint and his original complaint

17  does not raise serious questions.  Plaintiff will however be granted leave to file an amended

18  complaint.  Plaintiff's motion for a preliminary injunction will therefore be denied without

19  prejudice to refiling.

20              Accordingly, IT IS HEREBY ORDERED that:

21              1.  Plaintiff's April 21, 2011 application to proceed in forma pauperis (Doc. No.

22  2) is granted.

23

24  _____

       [2] The Ninth Circuit has found that the "serious question" version of this circuit's sliding
scale approach survives "when applied as part of the four-element <u>Winter</u> test."  <u>Alliance for</u>

25  <u>Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134 (9th Cir.  2011).  "That is, 'serious questions
going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support

26  issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood
of irreparable injury and that the injunction is in the public interest."  632 F.3d at 1135.

1    2.  The complaint filed April 21, 2011 (Doc. No. 1) is dismissed with leave to

2  amend.

3    3.  Within thirty (30) days from the date of this order, an amended complaint shall

4  be filed that cures the defects noted in this order and complies with the Federal Rules of Civil

5  Procedure and the Local Rules of Practice.  The amended complaint must bear the case number

6  assigned to this action and must be titled "Amended Complaint".

7    4.  Failure to respond to this order in a timely manner may result in a

8  recommendation that this action be dismissed.

9    5. Plaintiff's April 21, 2011 motion for a preliminary injunction (Doc. No. 3) is

10  denied without prejudice to refiling.

11  DATED: June 22, 2011.

12

13

_____

14  DALE A. DROZD

UNITED STATES MAGISTRATE JUDGE

15  DAD:6

Ddad1\orders.prose\theede1084.ifp.lta.ord

16

17

18

19

20

21

22

23

24

25

26