IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT L. THEEDE,

        Plaintiff,                    No. CIV S-11-1084 MCE DAD PS

    v.

UNITED STATES                    ORDER
OF AMERICA, et al.,

        Defendants.
_____/

        Plaintiff, Robert Theede, is proceeding in this action pro se and in forma pauperis. This matter was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        On June 23, 2011, plaintiff's original complaint was dismissed and plaintiff was granted thirty days to file an amended complaint. (Doc. No. 4.) On July 18, 2011, plaintiff filed a motion for the appointment of counsel and a motion for a sixty-day extension of time to file an amended complaint. (Doc. Nos. 5 & 6.)

        Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1);

1

1  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,
2  1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the
3  plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her
4  claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look,
5  718 F.2d 952, 954 (9th Cir. 1983).  Here, there is not a pending complaint from which the court
6  could considered plaintiff's likelihood of success on the merits.  Accordingly, plaintiff's request
7  for the appointment of counsel will be denied without prejudice to refilling.

8  With respect to plaintiff's request for an additional sixty days to file an amended
9  complaint, plaintiff states the such an extension is warranted because in dismissing his original
10 complaint the court "cited multiple cases and U.S. Codes, that need be addressed, prior to a filing
11 of an Amended Complaint."  (Mot. for EOT. (Doc. No. 6) at 2.)  While the court is sympathetic
12 to the amount of work that goes into the drafting of an amended complaint, such considerations
13 were factored into the court's June 23, 2011 decision to grant plaintiff thirty days to file an
14 amended complaint.[1]  Nonetheless, in the interest of justice, plaintiff will be granted thirty days
15 from the date of this order to file his amended complaint.

16  Accordingly, IT IS ORDERED that:

17  1. Plaintiff's July 18, 2011 motion for appointment of counsel (Doc. No. 5) is
18 denied without prejudice to refilling;

19 /////

---

[1] On July 21, 2011, plaintiff filed a "NOTICE TO THE COURT" that plaintiff filed a claim for damages with the Secretary of the Social Security Administration.  (Doc. No. 7.)  To the extent that plaintiff is seeking an extension of time to exhaust his administrative remedies, plaintiff is advised that the exhaustion requirement must be satisfied prior to seeking judicial relief.  See Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1140-41 (9th Cir. 2010); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1115 (9th Cir. 2003); see also Subia v. Commissioner of Social Sec., 264 F.3d 899, 902 (9th Cir. 2001) (stating that judicial review is limited to a "final decision of the Secretary made after a hearing" unless plaintiff has asserted "colorable constitutional claims.").  In this regard, for purposes of this action plaintiff cannot satisfy the exhaustion requirement by now seeking to exhaust his administrative remedies after having already sought judicial relief.

   2. Plaintiff's July 18, 2011 motion for an extension of time (Doc. No. 6) is granted;

   3. Plaintiff shall file his amended complaint within thirty (30) days of the date of this order; and

   4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: July 27, 2011.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\theede1084.eot.ord