IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT L. THEEDE,

        Plaintiff,                            No. CIV S-11-1084 MCE DAD PS

    v.

UNITED STATES                       ORDER AND
OF AMERICA, et al.,               FINDINGS AND RECOMMENDATIONS

        Defendants.
_____/

        Plaintiff, Robert Theede, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint, motion for preliminary injunction and motion for the appointment of counsel.

        Under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably

meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's amended complaint is deficient in several respects.[1]  First, plaintiff's amended complaint seeks "monetary relief" from the United States of America, the Mid-America Program Service Center, the U.S. Department of Labor, the Office of Workers' Compensation Programs and the U.S. Department of Health and Human Services.  (Am. Compl. (Doc. No. 9) at 1, 10.)  Addressing the issue of sovereign immunity, plaintiff asserts in a conclusory manner that the "United States of America is believed to have waived its sovereign

/////

---

[1] The court notes that these deficiencies in plaintiff's amended complaint were also identified by the court in its order dismissing plaintiff's original complaint with leave to amend.

immunity" and that "if the defendants are not going to pay an approved workers' compensation under law and oblige, then Defendants have lost their sovereign immunity." (Id. at 3, 7.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983). Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979). Put another way, no court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy, 850 F.2d at 560. Absent a waiver of sovereign immunity, a claim against the United States or a federal agency must be dismissed for lack of subject matter jurisdiction. See Gerritsen, 989 F.2d at 343; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). If conditions are attached to legislation that waives the sovereign immunity of the United States, the conditions must be strictly observed by the courts, and exceptions are not to be readily implied. Block, 461 U.S. at 287. See also Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995) ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit."). Here, plaintiff does allege in his amended complaint that the sovereign immunity of the United States or the federal agency defendants has been explicitly revoked by federal statute.

Plaintiff also seeks monetary compensation from the Social Security Administration. Plaintiff alleges that the Social Security Administration falsely claimed that he

/////

was overpaid Social Security benefits and, in response, terminated those benefits. (Am. Compl. (Doc. No. 9) at 3.)

Section 405(g) of the Social Security Act provides a waiver of sovereign immunity as to final decisions of the Commissioner of Social Security. See 42 U.S.C. § 405(g); Califano v. Sanders, 430 U.S. 99, 108 (1977). That provision states, in relevant part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . .

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." Berrigan v. Astrue, No. 1:10-cv-000165-GSA, 2010 WL 4392941, *2 (E.D. Cal. Oct. 29, 2010) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986). See also Matthews v. Eldridge, 424 U.S. 319, 328 n. 9 (1976). This time limit for commencing a civil action under § 405(g) is a condition on the waiver of sovereign immunity, and it must be strictly construed. Bowen, 476 U.S. at 479. Here, plaintiff does not allege in his amended complaint that he obtained a final decision of the Commissioner of Social Security with respect to the claim he is attempting to pursue in this civil action.

Second, plaintiff alleges in his amended complaint that for over 28 years he paid for health insurance with Kaiser Permanente. (Am. Comp. (Doc. No. 9) at 7.) Plaintiff alleges that In 2010 he switched his health insurance coverage from Kaiser Permanente to Mail Handlers. (Id.) According to plaintiff, in April of 2011 he "was informed that he did not have Medicare Part B coverage, all to plaintiff's surprise lack of knowledge, detriment, harm concern and ongoing damages." (Id.)

4

1    Title XVIII of the Social Security Act of 1935, commonly referred to as the
2    Medicare Act, "establishe[d] a federally subsidized health insurance program for elderly and
3    disabled persons." Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 774 (9th Cir. 2000)
4    (citing 42 U.S.C. § 1395). The Medicare Act contains multiple parts, including Part B, 42 U.S.C.
5    §§ 1395j-1395w-4, which covers medical services provided directly to individuals on a
6    fee-for-service basis, including physician services, medical supplies, and laboratory tests.
7    Medicare programs are administered by the Department of Health and Human
8    Services through the Centers for Medicare and Medicaid Services and the latter contracts with
9    private contractors to administer payments and make coverage determinations for Medicare and
10   Medicaid beneficiaries. 42 U.S.C. §§ 1395h, 1395u(a). An individual dissatisfied with a
11   decision regarding Medicare benefits is entitled to administrative review at several levels and
12   may be entitled to judicial review of the Secretary's final decision. 42 U.S.C. §§ 1395ff(b)(1),
13   1395w-22(g)(5).
14   Judicial review, however, is contingent upon a final decision, which incorporates
15   two elements: (1) presentment of a claim to the Secretary and (2) exhaustion of administrative
16   remedies. Heckler v. Ringer, 466 U.S. 602, 615-17 (1984); Mathews, 424 U.S. at 328-30;
17   Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975); Kaiser v. Blue Cross of Calif., 347 F.3d 1107,
18   1115-16 (9th Cir. 2003); Linoz v. Heckler, 800 F.2d 871, 876 n. 5 (9th Cir. 1986). Here,
19   plaintiff's does not allege in his amended complaint that he presented any claim to the Secretary
20   of the Department of Health and Human Services or that he exhausted his administrative
21   remedies with respect to such a claim.
22   Finally, plaintiff, a former dentist and oral surgeon for the U.S. Department of
23   Veterans Affairs, alleges in his amended complaint that the U.S. Department of Labor and the
24   Office of Workers' Compensation Program "took from 1986 to 1991" to grant him disability
25   benefits. (Am. Compl. (Doc. No. 9) at 4.) Plaintiff also alleges that on June 1, 1996, the U.S.
26   /////

Department of Labor and the Office of Workers' Compensation Program "withdrew such approved benefits guaranteed under U.S. Codes" causing him financial harm.  (Id.)

The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., "establishes a comprehensive and exclusive workers' compensation scheme for federal employees." Markham v. U.S., 434 F.3d 1185, 1187 (9th Cir. 2006).  Except for certain specific exceptions, FECA requires the United States to pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his or her duty.  5 U.S.C. § 8102(a).  FECA's exclusivity provision bars recovery for those injured while working for the United States pursuant to other statutes, providing that "[t]he liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the United States . . . to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute."  5 U.S.C. § 8116(c).

Under FECA, the Secretary of Labor makes all necessary determinations and findings of fact regarding payment of compensation after considering the claim presented and completing such investigation as she considers necessary.  5 U.S.C. § 8124.  The Secretary may prescribe rules and regulations necessary for the administration and enforcement of FECA, including rules and regulations for the conduct of hearings.  5 U.S.C. § 8149.  The Secretary may appoint employees to administer FECA and delegate powers.  5 U.S.C. § 8145.  The Secretary has delegated the responsibility for administering FECA to the Director of the Office of Workers' Compensation Programs ("OWCP").  20 C.F.R. § 10.1.

Most importantly, Title 5 U.S.C. § 8128 "explicitly provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations." Markham, 434 F.3d at 1187.  Under that provision:

> (a) The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application.  The Secretary, in accordance with the facts found on review, may-

>    (1) end, decrease, or increase the compensation previously awarded; or
>
>    (2) award compensation previously refused or discontinued.
>
>    (b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is-
>
>    (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
>    (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Thus, "[f]ederal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction." Staacke v. U.S. Secretary of Labor, 841 F.2d 278, 281 (9th Cir. 1988). There are two narrow exceptions to this absolute jurisdictional bar. "Courts retain jurisdiction to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition." Markham, 434 F.3d at 1187. However, a plaintiff may not "transform a garden-variety administrative action into a case of constitutional magnitude" by simply cloaking his claim in constitutional terms. Id. at 1188.

Here, plaintiff's amended complaint does not allege a constitutional violation nor does it raise a claim of violation by defendants of a clear statutory mandate or prohibition. Thus, review of plaintiff's FECA claim is precluded by the jurisdictional bar set forth in Title 5 U.S.C. § 8128.

For all the reasons cited above, plaintiff's amended complaint will be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may further amend his complaint to establish a jurisdictional basis for proceeding in federal court and to state a cognizable federal claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.

7

Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the nature of the allegations, the deficiencies noted above and the fact that plaintiff was unable to successfully amend his complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

Plaintiff has also filed a motion for a "preliminary injunction or temporary restraining order" against the Social Security Administration, the Mid-America Program Service Center and the U.S. Department of Health and Human Services.  (Aug. 3, 2011 TRO Mot. (Doc. No. 12.) at 1.)  A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  Fed. R. Civ. P. 65; Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).[2]  "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20.  See also Center for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.");  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009).

/////

---

[2]   The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[3]

As discussed above, the undersigned will recommend that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted. In light of that recommendation, it is unlikely that plaintiff will succeed on the merits of the claims alleged in his amended complaint. Moreover, for the same reasons, the court finds that plaintiff has not raised serious questions with respect to the merits of his claims. Accordingly, the undersigned will recommend that plaintiff's motion for preliminary injunction or a temporary restraining order be denied.

Finally, plaintiff has filed a motion seeking the appointment of counsel. Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). As noted above, the undersigned will recommend that plaintiff's amended complaint be

---

[3] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." 632 F.3d at 1135.

dismissed, meaning that it is unlikely that he will succeed on the merits of his claims. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 3, 2011 motion for appointment of counsel (Doc. No. 12) is denied.

IT IS HEREBY RECOMMENDED that;

1. Plaintiff's August 1, 2011 amended complaint (Doc. No. 9) be dismissed without leave to amend;

2. Plaintiff's August 1, 2011 motion for preliminary injunction (Doc. No. 10) be denied); and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\theede1084.dwol.f&rs